1  Charles Wheeler (SBN 82915)
   Amanda M. Lorenz (SBN 264336)
2  COZEN O'CONNOR
   501 West Broadway, Suite No. 1610
3  San Diego, California 92101
   Telephone:  619.234-1700
4  Facsimile:  619.234-7831

5  Attorneys for Defendant
   INDEMNITY INSURANCE COMPANY OF
6  NORTH AMERICA

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                         WESTERN DIVISION

11  TRI MARINE INTERNATIONAL, INC., a    )   Case No.: CV13-05662-RGK(Ex)
    Washington corporation; TRI MARINE    )
12  INTERNATIONAL (PTE) LTD., a Singapore )   **DEFENDANT INDEMNITY**
    corporation; and TRI MARINE SPAIN, S.L., )   **INSURANCE COMPANY OF**
13  a Spain corporation                   )   **NORTH AMERICA'S ANSWER**
                                          )   **AND AFFIRMATIVE DEFENSES**
14              Plaintiffs,               )
                                          )   *JURY TRIAL DEMANDED*
15       vs.                              )
                                          )
16  INDEMNITY INSURANCE COMPANY OF )
    NORTH AMERICA, a Pennsylvania         )
17  corporation; and DOES 1 through 10,   )
                                          )
18              Defendants.               )
                                          )
19  _____)

20       Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA

21  (hereinafter "IINA") hereby responds to TRI MARINE INTERNATIONAL, INC.,

22  TRI MARINE INTERNATIONAL (PTE) LTD., and TRI MARINE SPAIN, S.L.'s,

23  (collectively "Tri Marine")  First Amended Complaint ("Complaint") as follows:

24       1.      Responding to Paragraph 1 of the Complaint, IINA admits that Tri

25  Marine purchased a policy of insurance from IINA for Ocean Cargo and Inland

26  Transportation subject to all terms and conditions of Marine Policy No. 494680 (the

27  "Policy").  IINA is without sufficient knowledge or information to form a belief as to

28

the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

2.     Responding to Paragraph 2 of the Complaint, IINA admits that Tri Marine International, Inc. is a Washington corporation; Tri Marine International (Pte), Ltd., is a Singapore corporation and Tri Marine Spain, S.L. is a Spanish corporation. IINA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

3.     Responding to Paragraph 3 of the Complaint, IINA admits that it is a Pennsylvania corporation with its principal offices in Philadelphia, Pennsylvania, and is duly authorized to transact the business of providing insurance in the state of California.

4.     Responding to Paragraph 4 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

5.     Responding to Paragraph 5 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

6.     Responding to Paragraph 6 of the Complaint, IINA asserts that this Court has jurisdiction pursuant to 28 U.S.C. 1332.

7.     Responding to Paragraph 7 of the Complaint, IINA asserts that this matter has been removed to Federal Court pursuant to 28 U.S.C. 1332.  IINA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

8.     Responding to Paragraph 8 of the Complaint, IINA admits that the Policy was in effect on the date of loss and is subject to all of the terms, conditions, limitations, exclusions and endorsements contained within the Policy. The attachment, Exhibit A, is a document, the terms of which speak for itself.  IINA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9.     Responding to Paragraph 9 of the Complaint, IINA asserts that the Policy speaks for itself.

10.     Responding to Paragraph 10 of the Complaint, IINA asserts that the Policy speaks for itself.

11.     Responding to Paragraph 11 of the Complaint, IINA asserts that the Policy speaks for itself.

12.     Responding to Paragraph 12 of the Complaint, IINA asserts that the Policy speaks for itself.

13.     Responding to Paragraph 13 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14.     Responding to Paragraph 14 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15.     Responding to Paragraph 15 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16.     Responding to Paragraph 16 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17.     Responding to Paragraph 17 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18.     Responding to Paragraph 18 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19.     Responding to Paragraph 19 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20.     Responding to Paragraph 20 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21.     Responding to Paragraph 21 of the Complaint, IINA asserts that the Policy speaks for itself.  Furthermore, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22.     Responding to Paragraph 22 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

---

IINA'S ANSWER AND AFFIRMATIVE DEFENSES

23.     Responding to Paragraph 23 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action.  Furthermore, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24.     Responding to Paragraph 24 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action.  Furthermore, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

25.     Responding to Paragraph 25 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action.  Furthermore, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

26.     Responding to Paragraph 26 of the Complaint, IINA's Responses to Tri Marine's allegations previously made are incorporated by reference.

27.     Responding to Paragraph 27 of the Complaint, IINA asserts that the Policy speaks for itself.  IINA denies the remaining allegations contained in said paragraph.

28.     Responding to Paragraph 28 of the Complaint, IINA asserts that the Policy speaks for itself.  IINA denies the remaining allegations contained in said paragraph.

29.     Responding to Paragraph 29 of the Complaint, IINA asserts that the Policy speaks for itself.  IINA denies the remaining allegations contained in said paragraph.

30.     Responding to Paragraph 30 of the Complaint, IINA denies each and every allegation contained therein.

**<u>AFFIRMATIVE DEFENSES</u>**

**FIRST AFFIRMATIVE DEFENSE**

31.     The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

32     The insurance Policy at issue is a contract, the terms of which, subject to all provisions of the documents, including limitations, exclusions and endorsements, speak for themselves and all of which are incorporated by reference herein.

**THIRD AFFIRMATIVE DEFENSE**

33.     "Barratry" has been defined by courts as "an act committed by the master or mariners of a ship for some unlawful or fraudulent purpose, contrary to their duty to the owners…"

**FOURTH AFFIRMATIVE DEFENSE**

34.     A claim of barratry is frivolous if the perpetrator of the underlying unlawful acts is neither master nor mariner of the vessel transporting the goods.

**FIFTH AFFIRMATIVE DEFENSE**

35.     At all times relevant hereto IINA acted reasonably and in good faith in all dealings with the insured and the claims at issue.

**SIXTH AFFIRMATIVE DEFENSE**

36.     IINA specifically reserves the right to assert additional affirmative defenses, including defenses based on the provisions of the insurance policy, as facts develop in the investigation and/or discovery as allowed and permitted under the United States and California law.


**PRAYER FOR RELIEF**

WHEREFORE, IINA prays for judgment as follows:

1.     An Order denying all relief requested by Tri Marine and dismissing Tri Marine's claims with prejudice;

1    2.    An award to IINA of its costs and expenses in the defense of this action,

2    including a reasonable award of attorneys' fees associated with this action as

3    permitted by contract, statute, equity, and/or other applicable authority, including but

4    not limited to Rule 11 of the applicable Rules of Civil Procedure; and

5    3.    Such other and further relief as the Court deems just and proper.

6

7    DATED: August 22, 2013                    COZEN O'CONNOR

8

9                                        By:/S/Amanda Lorenz

10                                           Charles Wheeler
                                             Amanda M. Lorenz
11                                           Attorneys for Defendant
                                             INDEMNITY INSURANCE
12                                           COMPANY OF NORTH AMERICA

13   LEGAL\17098192\1 00011.0018.000/334059.000

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28