Charles Wheeler (SBN 82915)
Amanda M. Lorenz (SBN 264336)
COZEN O'CONNOR
501 West Broadway, Suite No. 1610
San Diego, California 92101
Telephone: 619.234-1700
Facsimile:  619.234-7831

Attorneys for Defendant
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TRI MARINE INTERNATIONAL, INC., a Washington corporation; TRI MARINE INTERNATIONAL (PTE) LTD., a Singapore corporation; and TRI MARINE SPAIN, S.L., a Spain corporation<br><br>Plaintiffs,<br><br>vs.<br><br>INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.: CV13-05662-RGK(Ex)<br><br>**DEFENDANT INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**<br><br>*JURY TRIAL DEMANDED* |

Defendant INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA") hereby responds to TRI MARINE INTERNATIONAL, INC., TRI MARINE INTERNATIONAL (PTE) LTD., and TRI MARINE SPAIN, S.L.'s, (collectively "Tri Marine") Second Amended Complaint ("Complaint") as follows:

1.  Responding to Paragraph 1 of the Complaint, IINA admits that Tri Marine purchased a policy of insurance from IINA for Ocean Cargo and Inland Transportation subject to all terms and conditions of Marine Policy No. 494680 (the "Policy"). IINA is without sufficient knowledge or information to form a belief as to

1 | the truth of the remaining allegations contained in said paragraph, and on that basis
2 | denies each and every allegation contained therein.

3 |     2.    Responding to Paragraph 2 of the Complaint, IINA admits that Tri
4 | Marine International, Inc. is a Washington corporation; Tri Marine International (Pte),
5 | Ltd., is a Singapore corporation and Tri Marine Spain, S.L. is a Spanish corporation.
6 | IINA is without sufficient knowledge or information to form a belief as to the truth of
7 | the remaining allegations contained in said paragraph, and on that basis denies each
8 | and every allegation contained therein.

9 |     3.    Responding to Paragraph 3 of the Complaint, IINA admits that it is a
10 | Pennsylvania corporation with its principal offices in Philadelphia, Pennsylvania, and
11 | is duly authorized to transact the business of providing insurance in the state of
12 | California.

13 |     4.    Responding to Paragraph 4 of the Complaint, IINA is without sufficient
14 | knowledge or information to form a belief as to the truth of the allegations contained
15 | in said paragraph, and on that basis denies each and every allegation contained
16 | therein.

17 |     5.    Responding to Paragraph 5 of the Complaint, IINA is without sufficient
18 | knowledge or information to form a belief as to the truth of the allegations contained
19 | in said paragraph, and on that basis denies each and every allegation contained
20 | therein.

21 |     6.    Responding to Paragraph 6 of the Complaint, IINA asserts that this Court
22 | has jurisdiction pursuant to 28 U.S.C. 1332.

23 |     7.    Responding to Paragraph 7 of the Complaint, IINA asserts that this
24 | matter has been removed to Federal Court pursuant to 28 U.S.C. 1332. IINA is
25 | without sufficient knowledge or information to form a belief as to the truth of the
26 | remaining allegations contained in said paragraph, and on that basis denies each and
27 | every allegation contained therein.
28 |

8. Responding to Paragraph 8 of the Complaint, IINA denies that the Policy was issued by ACE Group of Insurers. IINA admits that the Policy, which was issued by IINA, was in effect on the date of loss and is subject to all of the terms, conditions, limitations, exclusions and endorsements contained within the Policy. The attachment, Exhibit A, is a document, the terms of which speak for itself. IINA is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

9. Responding to Paragraph 9 of the Complaint, IINA asserts that the Policy speaks for itself.

10. Responding to Paragraph 10 of the Complaint, IINA asserts that the Policy speaks for itself.

11. Responding to Paragraph 11 of the Complaint, IINA asserts that the Policy speaks for itself.

12. Responding to Paragraph 12 of the Complaint, IINA asserts that the Policy speaks for itself.

13. Responding to Paragraph 13 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

14. Responding to Paragraph 14 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

15. Responding to Paragraph 15 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

16. Responding to Paragraph 16 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

17. Responding to Paragraph 17 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

18. Responding to Paragraph 18 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

19. Responding to Paragraph 19 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

20. Responding to Paragraph 20 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

21. Responding to Paragraph 21 of the Complaint, IINA asserts that the Policy speaks for itself. Furthermore, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

22. Responding to Paragraph 22 of the Complaint, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

23. Responding to Paragraph 23 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action. Furthermore, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

24. Responding to Paragraph 24 of the Complaint, IINA asserts that the Policy speaks for itself. IINA denies the remaining allegations contained in said paragraph.

25. Responding to Paragraph 25 of the Complaint, IINA admits that it denied coverage under the "barratry" provision of the Policy but denies that the denial of coverage was erroneous. IINA asserts that the Policy and the June 7, 2013 letter speak for themselves. Furthermore, IINA denies that its actions caused the acts and omissions that are the subject of this action. IINA denies the remaining allegations contained in said paragraph.

26. Responding to Paragraph 26 of the Complaint, IINA asserts that these are not proper allegations and do not require any response. To the extent a response is required, IINA denies that Tri Marine made "numerous attempts" to schedule such a meeting. Furthermore, IINA denies that its actions caused the acts and omissions that are the subject of this action. IINA denies the remaining allegations contained in said paragraph.

27. Responding to Paragraph 27 of the Complaint, IINA's Responses to Tri Marine's allegations previously made are incorporated by reference.

28. Responding to Paragraph 28 of the Complaint, IINA asserts that the Policy speaks for itself. IINA denies the remaining allegations contained in said paragraph.

29. Responding to Paragraph 29 of the Complaint, IINA denies that Tri Marine has performed each and every obligation, condition, and covenant required of it under the Policy. Furthermore, IINA asserts that the Policy speaks for itself.

30. Responding to Paragraph 30 of the Complaint, IINA admits that Tri Marine has demanded that IINA pay the claim.

31. Responding to Paragraph 31 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and denies the allegations contained in said paragraph.

32. Responding to Paragraph 32 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and denies the allegations contained in said paragraph.

33. Responding to Paragraph 33 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and denies the allegations contained in said paragraph.

34. Responding to Paragraph 34 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and denies the allegations contained in said paragraph.

35. Responding to Paragraph 35 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and denies the allegations contained in said paragraph.

36. Responding to Paragraph 36 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and denies the allegations contained in said paragraph.

37. Responding to Paragraph 37 of the Complaint, IINA's Responses to Tri Marine's allegations previously made are incorporated by reference.

38. Responding to Paragraph 38 of the Complaint, IINA asserts that the Policy speaks for itself. IINA denies the remaining allegations contained in said paragraph.

39. Responding to Paragraph 39 of the Complaint, IINA asserts that this allegation is an improper legal conclusion. To the extent a response is required; IINA

denies that its actions caused the acts and omissions that are the subject of this action. IINA denies the remaining allegations contained in said paragraph.

40. Responding to Paragraph 40 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and asserts that the Policy speaks for itself. Furthermore, IINA is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

41. Responding to Paragraph 41 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and further denies that it breached its duty of good faith and fair dealing. IINA denies the remaining allegations contained in said paragraph.

42. Responding to Paragraph 42 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and further denies that it breached its duty of good faith and fair dealing. IINA denies the remaining allegations contained in said paragraph.

43. Responding to Paragraph 43 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and further denies that it breached its duty of good faith and fair dealing. IINA denies the remaining allegations contained in said paragraph.

44. Responding to Paragraph 44 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and further denies that it breached its duty of good faith and fair dealing. IINA denies the remaining allegations contained in said paragraph.

45. Responding to Paragraph 45 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and further denies that it breached its duty of good faith and fair dealing. IINA denies the remaining allegations contained in said paragraph.

46. Responding to Paragraph 46 of the Complaint, IINA denies that its actions caused the acts and omissions that are the subject of this action and further denies that it breached its duty of good faith and fair dealing. IINA denies the remaining allegations contained in said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

47. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

48. The insurance Policy at issue is a contract, the terms of which, subject to all provisions of the documents, including limitations, exclusions and endorsements, speak for themselves and all of which are incorporated by reference herein.

### THIRD AFFIRMATIVE DEFENSE

49. "Barratry" has been defined by courts as "an act committed by the master or mariners of a ship for some unlawful or fraudulent purpose, contrary to their duty to the owners..."

### FOURTH AFFIRMATIVE DEFENSE

50. A claim of barratry is frivolous if the perpetrator of the underlying unlawful acts is neither master nor mariner of the vessel transporting the goods.

### FIFTH AFFIRMATIVE DEFENSE

51. At all times relevant hereto IINA acted reasonably and in good faith in all dealings with the insured and the claims at issue.

### SIXTH AFFIRMATIVE DEFENSE

52. IINA specifically reserves the right to assert additional affirmative defenses, including defenses based on the provisions of the insurance policy, as facts develop in the investigation and/or discovery as allowed and permitted under the United States and California law.

///

## PRAYER FOR RELIEF

WHEREFORE, IINA prays for judgment as follows:

1. An Order denying all relief requested by Tri Marine and dismissing Tri Marine's claims with prejudice;

2. An award to IINA of its costs and expenses in the defense of this action, including a reasonable award of attorneys' fees associated with this action as permitted by contract, statute, equity, and/or other applicable authority, including but not limited to Rule 11 of the applicable Rules of Civil Procedure; and

3. Such other and further relief as the Court deems just and proper.

DATED: January 6, 2014                    COZEN O'CONNOR

                                          By:/S/Amanda Lorenz
                                             Charles Wheeler
                                             Amanda M. Lorenz
                                             Attorneys for Defendant
                                             INDEMNITY INSURANCE
                                             COMPANY OF NORTH AMERICA

LEGAL\17980237\2 00011.0018.000/334059.000

IINA'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT
9